UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STEPHANIE N. OWNBY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CAROLYN W. COLVIN, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | 3:13-cv-722<br>(VARLAN/SHIRLEY) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). [Doc. 24]; see 28 U.S.C. § 2412(d). Plaintiff moves the Court to enter an Order awarding attorney fees in the amount of $5,125.95 and expenses of $18.93 under the EAJA. The Commissioner filed an objection [Doc. 25] to Plaintiff's request for attorney fees, and the Plaintiff filed a Response [Doc. 27].

**I.    BACKGROUND**

On May 9, 2014, Plaintiff filed a Motion for Summary Judgment and Memorandum in Support [Docs. 18 & 19]. On June 26, 2014, the Commissioner filed a Motion for Summary Judgment and Memorandum in Support [Docs. 20 & 21]. United States Chief District Judge Thomas A. Varlan entered an Order [Doc. 23] on January 14, 2015, granting Plaintiff's Motion for Summary Judgment.

1

## II. POSITIONS OF THE PARTIES

Plaintiff requests a fee award in the amount of $5,125.95 for 28.55 hours of work performed. Plaintiff requests 6.21 hours billed in 2013 at a rate of $177 per hour, 20.7 hours billed in 2014 at a rate of $180 per hour, and 1.75 hours billed in 2015 at a rate of $183 per hour. [Doc. 27].

The Commissioner objects [Doc. 25] to the number of hours and hourly rate requested. Specifically, the Commissioner argues that Plaintiff's counsel requests payment for certain activities not compensable under the EAJA and that Plaintiff has failed to provide proof that the current market rate supports a higher hourly attorney fee. [Id. at 2]. Further, the Commissioner contends that the fee agreement signed by Plaintiff and her counsel violates the Anti-Assignment Act and that any award of fees should be awarded to the Plaintiff. Finally, the Commissioner requests the Court to clarify that an award of $18.93 for postage is to be classified as expenses, as opposed to costs.

## III. ANALYSIS

Now before the Court is Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

> 1. Plaintiff must be a prevailing party;
>
> 2. The Commissioner's position must be without substantial justification;
>
> 3. No special circumstances warranting denial of fees may exist; and
>
> 4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1). The Court will first address whether all four conditions are met for

an EAJA award, and then analyze whether the requested EAJA award is reasonable.

**A.      Plaintiff is the Prevailing Party**

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Thus, the Court finds the first condition for granting fees under the EAJA has been met.

**B.      The Commissioner's Position Was Without Substantial Justification**

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that she does not oppose an award for EAJA attorney fees, only the amount of hours and rate requested. [Doc. 25]. The Commissioner has thereby conceded that her position in this matter was not substantially justified.

Thus, the Court finds that the second condition for granting fees under the EAJA has been met.

**C.      There are No Special Circumstances Affecting an Award of Attorney's Fees**

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust.

Thus, the Court finds that the third condition for granting fees under the EAJA has been met.

**D.      The Plaintiff's Request for an Award of Fees is Timely**

Under the EAJA, a party seeking a fee award must file an application within "thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Final judgment is defined as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Supreme Court has

3

held that the term "final judgment" "refers to judgments entered *by a court of law*, and does not encompass decisions rendered by an administrative agency." Melkonyan v. Sec. of Health & Human Servs., 501 U.S. 89, 96 (1991) (emphasis in the original). The Melkonyan Court went on to hold that "a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." Melkonyan, 501 U.S. at 96.

The Court notes that Plaintiff's case was remanded pursuant to sentence four, [see Doc. 26], on January 14, 2015, and therefore Plaintiff's Motion [Doc. 24], filed on February 19, 2015, is timely.

E.  **Reasonableness of EAJA Award**

Because Plaintiff has met the four conditions discussed above, the Court moves to the final consideration under 28 U.S.C. § 2412(d) – the reasonableness of the request for attorney fees and costs. Plaintiff requests a fee award in the amount of $5,125.95 for 6.21 hours billed in 2013 at a rate of $177 per hour, 20.7 hours billed in 2014 at a rate of $180 per hour, and 1.75 hours billed in 2015 at a rate of $183 per hour. [Doc. 27]. The Court will first address the number of billable hours claimed followed by the requested hourly rates.

  1.  *Number of Hours Billed*

Plaintiff filed a Reply to the Defendant's Objection [Doc. 27] adjusting counsel's itemized statement of services rendered from $5,229.00 to $5,125.95, which as amended, reflects a total of 28.55 attorney hours. [Doc. 24-2].

The EAJA permits an award of only reasonable attorney's fees. See 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is

4

the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of attorney fees has the burden of demonstrating the reasonableness of hours by providing a detailed documentation of the hours, and the opposing party has the burden of providing evidence against this reasonableness. See Blum v. Stenson, 465 U.S. 886, 897 (1984). The court is empowered to exclude from its calculation hours that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

Although there is no hard and fast rule for determining how many hours are hours "reasonably expended" in terms of awarding attorney's fees, see Glass v. Secretary of Health & Human Services, 822 F.2d 19, 21 (6th Cir. 1987) (noting that a "boiler-plate formula for fixing attorney's fees . . . does not comply with our requirement for individualized discretion"), the Sixth Circuit has previously noted that "the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours." Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 420 (6th Cir. 1990).

The Court finds that the majority of hours reflected in Plaintiff counsel's itemized pre-bill [Doc. 24-2] are reasonable. See Blum v. Stenson, 465 U.S. 886, 897 (1984). However, there are several pre-bill entries which include clerical, non-attorney work product and must be either stricken or adjusted. See Potter v. Blue Cross Blue Shield of Michigan, No. 10-CV-14981, 2014 WL 1304327, at *768 (E.D. Mich. Mar. 31, 2014) ("attorney time for clerical tasks such as 'file organization' and 'proofread correspondence and filing' is not compensable and fees for such time should be excluded."); Allison v. City of Lansing, No. 503-CV-156, 2007 WL 2114726, at *1 (W.D. Mich. July 19, 2007) ("It is not appropriate to award attorney fees for strictly clerical tasks.").

5

The Court finds that any entries which include filing, mailing, and scheduling should be struck or reduced, depending on the entry.

Defendant takes specific issue with Plaintiff counsel's pre-bill entry for driving to Knoxville on December 16, 2013 to file Plaintiff's Complaint and argues that in-person filing was unnecessary when counsel can and should have filed the Complaint electronically. [See Doc. 25]. The Court agrees. The Plaintiff argues that physically filing the Complaint was a tactical decision based on confusion and difficulties filing electronically. The Court notes that attorney travel time is generally compensable. See Potter, 2014 WL 1304327, at *768 (E.D. Mich. Mar. 31, 2014). However, the need to travel to Knoxville in this matter was neither necessary nor for the purpose of attorney time, as filing is generally not compensable under the EAJA. See id. The Court finds that the following entries in Plaintiff counsel's pre-bill are not compensable:

- 12/16/13    Drive to Knoxville and file with USDC Complaint, Summons, Cover Sheet and In Forma Pauperis Application.    1.50
- 1/8/14    Filed with USDC service of process on SSA, Atty General and US Atty    0.50
- 5/9/14    File MSJ & Memo    0.60
- **Total**    **2.60**

The Court finds that the following entries in Plaintiff counsel's pre-bill include time for strictly clerical duties, specifically mailing and calendaring, and shall be reduced by half.

- 2/27/14    Reviewed and calendared Scheduling Order    0.60
- 2/27/14    Prepared and mailed letter to client re: Answer from SSA    0.50
- 5/9/14    Prepared and mailed letter to client re: MSJ & Memorandum    0.50
- 6/27/14    Prepared and mailed letter to client re: SSA filed MSJ & Memorandum    0.50

6

- 12/29/14    Prepared and mailed letter to client re: Report &    0.50
              Recommendation of the Court

- **Total:**                                          **2.6 / 2 =    1.3**

The Court has identified entries that are strictly clerical nature, specifically those entries that appear to require only copying, mailing, forwarding, printing, calendaring, filing, and file organization. See Rodriguez v. Astrue, No. 3:11-CV-398, 2012 WL 2905928, at *3 (N.D. Ohio July 16, 2012) (internal citations omitted) (finding that reviewing emails, forwarding copies of court documents, and "redocketing" were non-compensable); Potter, 2014 WL 1304327, at *768 (excluding entries for file organization and filing). Based on the clerical nature of these entries, the Court finds they are inappropriate for reimbursement under the EAJA.

Accordingly, the Court recommends that Plaintiff's request for billable hours be reduced by 3.90 hours, leaving a total of 24.65 hours of attorney work performed.

### 2.    *Hourly Rates*

The Court now turns to the reasonableness of Plaintiff's requested billing rate. The Commissioner objects to Plaintiff's original requested attorney hourly rate of $180.00. [Doc. 25 at 2-3]. However, Plaintiff's counsel amended his original hourly rate, requesting instead $177 per hour for hours billed in 2013, $180 per hour for hours billed in 2014, and $183 per hour for hours billed in 2015. [Doc. 27].

Under the EAJA, the amount of fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). "In requesting an increase in the hourly-fee rate, [p]laintiffs bear the

7

burden of producing appropriate evidence to support the requested increase." Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). This district historically relies on the formula set forth in Cook v. Barnhart, which relies on the annual average Consumer Price Index ("CPI") divided by 100.3. 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003). Pursuant to Cook, the hourly rate is $125.00 per hour multiplied by "the prior year's 'annual average" CPI.

Based on this formula, the Commissioner submits that the maximum hourly rate for work performed in 2013 is $177.05, $179.86 for work performed in 2014, and $182.64 in 2015. The Court agrees and finds that Plaintiff's amended request complies with these fees by rounding up or down as may be appropriate. Therefore, the fee award should be calculated as follows: $177/hour for 4.6 attorney work hours performed in 2013, $180/hour for 18.3 attorney work hours performed in 2014, and $183/hour for 1.75 attorney work hours performed in 2015. Thus, the Court recommends Plaintiff be awarded fees in the amount of $4,428.45.

**IV. Payment of EAJA Fees and the Anti-Assignment Act**

Citing the Supreme Court's decision in Astrue v. Ratliff, 560 U.S. 586 (2010), the Commissioner argues that attorney fees awarded under the EAJA are payable only to the Plaintiff. [Doc. 25 at 5-7]. The Plaintiff responds that after the absence of federal debt is verified, the EAJA award should be made payable to the Plaintiff's counsel, not to the Plaintiff. [Doc. 27 at 3].

In Astrue v. Ratliff, the Supreme Court held that the definition of "prevailing party" in

the EAJA means the actual litigant and not the attorney. 560 U.S. at 593. The Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Id. at 586. The Court noted that "[t]he fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest of a contractual right does not establish that the statute 'awards' the fees directly to the attorney." Id. at 593. The Court also recognized that the "Government's history of paying EAJA awards directly to the attorney in certain cases does not compel a different conclusion." Id. at 597.

This circuit has followed suit. See Sisk v. Comm'r of Soc. Sec., No. 1:09-cv-220, 2011 WL 796780, at *1 (E.D. Tenn. Feb. 8, 2011) (stating that "[a]lthough it appears that [p]laintiff has assigned her right to any fee award to her attorneys, the fee award is payable directly to [p]laintiff") (internal citations omitted)); Vanderlaan v. Comm'r of Soc. Sec., No. 1:10-cv-858, 2011 WL 4479453, at *2 (W.D. Mich. Sept. 8, 2011) ("Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not her attorney, and the Court declines to disregard such clear and controlling direction.").

In the present matter, the Plaintiff and her counsel have executed a fee contract. [Doc. 24-3]. However, the Court is unaware if the Plaintiff owes the Government a pre-existing debt. The Government, not the Court, determines whether such debt is owed. In light of the Supreme Court's ruling in Ratliff, the Court finds that the EAJA award shall be paid directly to the Plaintiff and not to the Plaintiff's counsel.

The Commissioner also asserts that the Plaintiff's fee assignment [Doc 24-3] is not valid under the Anti-Assignment Act ("AAA"). Plaintiff's counsel asserts that he "has not asked to be paid EAJA fees *prior to* any federally collectable debt." [Doc. 27] (emphasis in the original).

9

The Anti-Assignment Act prohibits the assignment or transfer of claims against the United States. 31 U.S.C. § 3727. Along with other procedural requirements, § 3727(b) states, "[a]n assignment may be made only after a claim is allowed, the amount is decided, and a warrant for payment of the claim has been issued." The Sixth Circuit has noted that "[t]he AAA 'serves as a defense that the Government can raise against a claim and not . . . an *ex ante* bar to forming a contingency-fee agreement.'" Turner v. Comm'r of Soc. Sec., 680 F.3d 721, 725 (6th Cir. 2012) (brackets in original) (quoting Murkeldove v. Astrue, 635 F.3d 784, 794 (5th Cir. 2011)).

The Court agrees that the Anti-Assignment Act is not a bar precluding all contingency-fee agreements, but it does serve as a defense against such an agreement. The Court concludes that the Plaintiff's fee assignment violates the Anti-Assignment Act because it was made before the claim was allowed, when the amount was still in question, and before payment had been issued. Accordingly, as explained above, any fees awarded pursuant to an EAJA petition goes to the Plaintiff, not counsel.

**V.    Postage Expenses**

The Commissioner does not object to the Plaintiff's request for $18.93 as reimbursement for postage, but asks the Court to clarify that this amount is classified as "expenses," as opposed to "cost." The Court concurs and includes the amount of $18.93 for expenses in its recommended award.

## VI. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[2] that Plaintiff's Application for Attorney Fees pursuant to the Equal Access to Justice Act, **[Doc. 24]** be **GRANTED in part**, and a judgment awarding Plaintiff the amount of $4,428.45 plus $18.93 for EAJA attorney fees and expenses be entered.

                Respectfully submitted,

                 s/ C. Clifford Shirley, Jr.
                 United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).